UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                           Plaintiff,<br><br>v.<br><br>JOE LELAND TARVER,<br>ROCK AND ROLL CYCLES, LLC and<br>CYCLE FOR LIFE, INC.,<br><br>                           Defendants. | C.A. No. 5:20-cv-00056 |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission"), files this Complaint against Defendants Joe Leland Tarver ("Tarver"); Rock and Roll Cycles, LLC ("RRC"); and Cycle For Life, Inc. ("CFL") (collectively, the "Defendants"), and alleges as follows:

### Summary

1. From about July 2014 through December 2017, the Defendants raised approximately $491,000.00 from at least 18 investors in the form of promissory notes issued by RRC and/or CFL. Tarver told investors that the proceeds from the promissory notes would be used by RRC and/or CFL to manufacture and distribute tricycles for disabled children and adults. In fact, Tarver (a) diverted a significant amount of the money for his personal expenses; (b) failed to inform investors that he had been sued by at least three earlier investors for failure to repay their promissory notes, despite assuring the new investors that they would be repaid; and (c) frequently used funds from new investors to make principal and interest payments to prior investors.

2. Through this misconduct, the Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### Jurisdiction and Venue

3. Defendants offered and sold securities in the form of promissory notes to investors and prospective investors. The notes are securities under Section 2(a)(1) of the Securities Act [15 U.S.C. §77b] and Section 3(a)(10) of the Exchange Act [15 U.S.C. §78c]. As such, the Commission brings this action under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], seeking to restrain and enjoin the Defendants from permanently engaging in the acts, practices, and courses of business alleged herein.

4. This Court has jurisdiction over this action under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa], and venue is proper because the conduct occurred within the Northern District of Texas, Lubbock Division.

5. The Defendants directly and indirectly made use of means or instruments of transportation and communication, and means or instrumentalities of interstate commerce, and of the mails, in connection with the transactions, acts, practices, and courses of business alleged herein.

### DEFENDANTS

6. **Joe Leland Tarver** is an individual residing in Lubbock, Texas. Tarver is the sole managing member and/or director of RRC and CFL.

7. **Rock and Roll Cycles, LLC** ("RRC"), is a Texas limited liability company that was originally formed in June 2011 under the name LBB Cycles For Life, LLC. In July 2011, LBB Cycles For Life, LLC changed its name to Rock and Roll Cycles, LLC. RRC's principal place of business is in Lubbock, Texas. Tarver is, and at all relevant times was, the managing member of RRC. RRC markets and sells custom tricycles for disabled children and adults.

8. **Cycle For Life, Inc.** ("CFL"), is a Texas corporation formed in July 2016. CFL's principal place of business is in Lubbock, Texas. At all relevant times, Tarver has been the sole officer and/or director of CFL. CFL markets and sells custom tricycles for disabled children and adults.

## Facts

9. From about July 2014 through December 2017, Tarver raised an estimated $491,000 from approximately 18 investors located in various states through the sale of RRC and CFL promissory notes, promising annual returns between 6% and 9.6%. Tarver told investors that he intended to use the funds raised through the issuance of the promissory notes to manufacture and sell custom tricycles for disabled children and adults and that investors' interest payments would be funded through the profit his companies earned from selling the tricycles. Tarver offered investors the option of receiving monthly interest payments or allowing the interest to compound and be paid annually or at the end of the note terms, which ranged between two and five years.

10. Tarver, personally and through his companies RRC and CFL, made several material misrepresentations and took other misleading actions during the course of offering the promissory notes.

11.     For example, Tarver told investors that he was going to use the funds raised through the issuance of promissory notes for the manufacture and sale of custom tricycles for disabled children and adults.  In fact, he diverted much of the funds to cover his personal unrelated expenses and did not inform investors of these other personal expenditures.  In addition, Tarver, and through him, his companies RRC and CFL, failed to properly inform new investors of past lawsuits accusing him of failing to honor promissory notes.  In September 2016, an investor filed a lawsuit against RRC in connection with an unpaid promissory note and interest.  In November 2016, the investor was granted a default judgment in the amount of $135,894 plus $7,500 in attorney fees.

12.     In November 2017, another investor filed a lawsuit naming Tarver and RRC defendants and seeking damages and relief for an alleged unpaid RRC promissory note.

13.     Tarver continued to solicit investors after at least the first two lawsuits were filed (and after one had resulted in a default judgment).  Despite assuring these new investors that their investment principal would be repaid, he did not disclose the 2016 and 2017 investor lawsuits.

14.     Finally, because RRC and CFL lacked sufficient profits to make principle and interest payments he owed investors, despite his promises to investors, Tarver used money provided by new investors to pay previous investors.  According to relevant bank records, he did so on several occasions, including at least in March 2015, December 2014, January 2018, and May 2018.  In doing so, Tarver would frequently select which investors he believed should be repaid, even if other investors' notes were already past due.  He did not inform investors of these preferential choices.

## Claims for Relief

### First Claim
Fraud
(In violation of Section 17(a) of the Securities Act)

15. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 14 of this Complaint by reference as if set forth verbatim.

16. The Defendants, directly or indirectly, singly or in concert with others, in the offer or sale of securities, by use of the means or instruments of transportation and communication in interstate commerce, or by use of the mails: (a) employed devices, schemes, or artifices to defraud; (b) obtained money or property by means of untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices, or courses of business which operate or would operate as a fraud or deceit upon the purchasers.

17. With respect to violations of Sections 17(a)(2) and (3) of the Securities Act, the Defendants were at least negligent in their actions and inaction. With respect to violations of Section 17(a)(1) of the Securities Act, the Defendants acted knowingly or severely recklessly in their actions and inaction. By reason of the foregoing, the Defendants violated and, unless enjoined, will continue to violate Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### Second Claim
Fraud
(In violation of Section 10(b) of the Exchange Act and Rule 10b-5)

18. Plaintiff Commission re-alleges and incorporates paragraphs 1 through 14 of this Complaint by reference as if set forth verbatim.

19.     The Defendants, directly or indirectly, singly or in concert with others, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, knowingly or with reckless disregard for the truth: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operate or would operate as a fraud and deceit upon purchasers of securities, or upon other persons.

20.     The Defendants acted knowingly or severely recklessly in their actions and inaction. By reason of the foregoing, the Defendants violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## Relief Requested

Plaintiff respectfully requests that this Court enter a judgment:

I.

Permanently enjoining the Defendants from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

II.

Permanently enjoining the Defendants from directly or indirectly participating in the issuance, offer, or sale of promissory notes.

III.

Ordering Defendants to disgorge an amount equal to the funds and benefits obtained

illegally, or to which he is otherwise not entitled, plus prejudgment interest on that amount.

IV.

Ordering the Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 209(e) of the Advisers Act [15 U.S.C. § 275.209(e)] for the violations alleged herein.

V.

Granting such further relief as this Court may deem just and proper.


Dated:  March 10, 2020                    Respectfully submitted,


                                          *s/Matthew J. Gulde*
                                          MATTHEW J. GULDE
                                          Illinois Bar No. 6272325
                                          United States Securities and Exchange Commission
                                          Fort Worth Regional Office
                                          Burnett Plaza, Suite 1900
                                          801 Cherry Street, Unit #18
                                          Fort Worth, TX 76102-6882
                                          Ph: 817-978-1410
                                          Fax: 917-978-4927
                                          guldem@sec.gov

                                          ATTORNEY FOR PLAINTIFF UNITED STATES
                                          SECURITIES AND EXCHANGE COMMISSION