IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-cv-00056-M |
| JOE LELAND TARVER, et al., | § § § | |
| Defendants. | § | |

## FINAL JUDGMENT

Plaintiff, the Securities and Exchange Commission (the "Commission"), having filed a Complaint and Defendants, Joe Leland Tarver; Rock and Roll Cycles, LLC; and Cycle For Life, Inc. (the "Defendants"), having entered a general appearance, consented to the Court's jurisdiction over the Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

It is **ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

II.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

III.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently restrained and enjoined from directly or indirectly, including but not limited to any entity owned or controlled by each of them, participating in the issuance, offer, or sale of promissory notes.

IV.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants are jointly and severally liable for disgorgement of $158,652.29, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $12,662.13.  In addition, Defendant Tarver is liable for a civil penalty in the amount of $65,000.  The Defendants shall satisfy this obligation by submitting payment to the Commission pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

The Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  The Defendants may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joe Leland Tarver, Rock and Roll Cycles, LLC and Cycle For Life, Inc. as Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

The Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, the Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Defendants.

The Commission may enforce the Court's judgment for disgorgement and pre-judgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after one year following entry of this Final Judgment.  The Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, the Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

The Defendants shall pay jointly and severally the total of disgorgement and pre-judgment interest for a total of $171,314.42, and Tarver shall pay the civil penalty of $65,000 within one year of the entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of

this Final Judgment. Prior to making the final payment set forth herein, the Defendants shall contact the staff of the Commission for the amount due for the final payment.

If the Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED**.

March 23, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE